# United States Court of Appeals
## For the First Circuit

Nos. 14-1521, 14-1522

IN RE NEXIUM ANTITRUST LITIGATION

ASTRAZENECA AB, et al.,

Defendants-Appellants,

v.

UNITED FOOD AND COMMERCIAL WORKERS UNIONS AND EMPLOYERS MIDWEST
HEALTH BENEFITS FUND, et al.,

Plaintiffs-Appellees.

Before

Torruella, Dyk,[*] and Kayatta,
Circuit Judges.

**ORDER OF COURT**
**Entered: January 21, 2015**

After briefing, oral argument, and submission of this case, defendants filed a voluntary motion to dismiss the appeal. See Fed. R. App. P. 42(b). Defendants argue that because the underlying claims in this case have been resolved, with several defendants reaching settlements and others receiving a jury verdict in their favor, dismissal is appropriate. Defendants do not drop their opposition to the class certification order, nor do they commit not to appeal that order after

---

[*]Of the Federal Circuit, sitting by designation.

final judgment is entered. They simply wish to eliminate the possibility that this panel will decide now the merits of such an appeal. While plaintiffs agree to a dismissal (if awarded costs), they disagree that the case has been resolved and effectively agree only because in their view a dismissal would resolve the class certification issue in their favor. See Appellee Resp. 1 ("Plaintiffs agree that the appeal has always lacked merit, and thus assent to its dismissal on that ground.").

"We have broad discretion to grant voluntary motions to dismiss." Am. Auto. Mfrs. v. Comm'r, Mass. Dept. of Envtl. Prot., 31 F.3d 18, 22 (1st Cir. 1994). We think the motion to dismiss should be denied here for three reasons.

First, although some of the underlying issues have been settled and a jury has reached a verdict on some others, the case is not moot. See Am. Auto Mfrs., 31 F.3d at 23 (suggesting denying voluntary motion to dismiss if it is based on "unsound argument [of] moot[ness]" (citation omitted)). Plaintiffs filed post-trial motions, including a motion for new trial, and apparently contemplate an appeal. The parties continue to disagree about whether the class certification was proper.

Second, courts have recognized that a court's prior investment of time in preparing a decision is a relevant factor in deciding whether to dismiss. See 16AA Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 3988 (4th ed. 2008). Here, as in Ford v. Strickland, 696 F.2d 804 (11th Cir. 1983) (en banc) (per curiam), the motion was filed "[a]fter full briefing, extended oral argument, and several months of deliberation during which [we] sought to resolve and reconcile the various issues involved . . . ." Id. at 807. A final draft had already been prepared. See Albers v. Eli Lilly & Co., 354 F.3d 644, 646 (7th Cir. 2004) (per curiam) (denying motion to dismiss "[a]fter a draft of [the] opinion had been written"); see also Suntharalinkam v. Keisler, 506 F.3d 822,

828 (9th Cir. 2007) (Kozinski, J., dissenting) (dissent "aware of no case where a motion for voluntary dismissal was granted when it was filed after the case was argued and submitted for decision").

Third, the defendants here may be acting strategically.  See Albers, 354 F.3d at 646 ("One good reason to exercise discretion against dismissal is to curtail strategic behavior." (citations omitted)).  Defendants here should not be able to circumvent this panel by dismissing an interlocutory appeal on an issue they can later press again before a different panel in an appeal after final judgment.  A party should not be able to "manipulate the formation of precedent by dismissing [an appeal]." Id. at 646 (explaining that a "judicial decision created with a significant investment of public resources is not a bargaining chip that the parties may elect to have vacated" (citing U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship, 513 U.S. 18 (1994)).

Accordingly, the motion to dismiss is:

**DENIED**


By the Court:
/s/ Margaret Carter, Clerk


cc:  Mr. Allen, Mr. Baldridge, Mr. Balto, Mr. Barrett, Ms. Bass, Ms. Bennett, Mr. Berman, Mr. Bloom, Mr. Breivik, Mr. Brooks, Ms. Bucholtz, Ms. Chan, Ms. Choi, Mr. DeValerio, Mr. Demuth, Mr. Dugan, Ms. Evans, Ms. Fales, Ms. Foley, Mr. Franco, Mr. Girard, Ms. Goldstein, Mr. Gustafson, Mr. Hester, Ms. Hubbard, Mr. Isaacson, Ms. Parker, Mr. Joiner, Mr. Kayal, Mr. Lazerow, Mr. Livingston, Mr. Lometti, Mr. Marcucci, Mr. McDonald, Ms. Meriwether, Mr. Myers, Ms. Neill, Ms. Nelson, Ms. Nussbaum, Mr. Opper, Ms. Orenstein, Mr. Perwin, Mr. Plymale, Mr. Radice, Ms. Resnick, Mr. Richards, Ms. Robertson, Mr. Roddy, Mr. Rossi, Mr. Schirripa, Mr. Schoen, Mr. Segura, Mr. Shadowen, Mr. Shanmugam, Mr. Jonathon Shapiro, Mr. Thomas Shapiro, Mr. Simons, Mr. Sobol, Mr. Sorensen, Ms. Su, Ms. Tamoshunas, Mr. Thule, Ms. Walker, Mr. Wallace & Mr. Wexler.